# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **PACID TECHNOLOGIES, LLC,**<br><br>*Plaintiff,*<br><br>v.<br><br>**CITIBANK, N.A.,**<br><br>*Defendant.* | **CIVIL ACTION NO. 1:24-cv-272-DAE**<br><br>**JURY TRIAL DEMANDED** |
| **PACID TECHNOLOGIES, LLC,**<br><br>*Plaintiff,*<br><br>v.<br><br>**USAA FEDERAL SAVINGS BANK,**<br><br>*Defendant.* | **CIVIL ACTION NO. 1:24-cv-321-DAE**<br><br>**JURY TRIAL DEMANDED** |

## SCHEDULING ORDER

| Date | Milestone |
|---|---|
| June 13, 2025 | Plaintiff serves preliminary infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found.[1] Plaintiff shall also identify the earliest priority date (i.e., the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention; and (2) a copy of the file history for each patent in suit. |

---

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and that the amendment is based on material identified after those preliminary contentions were served and should do so seasonably upon identifying any such material. Any amendment to add patent claims or prior art requires leave of court so that the Court can address any scheduling issues.

| June 13, 2025 | Parties shall serve Initial Disclosures required by Fed. R. Civ. P. 26(a). Fact discovery opens. |
|---|---|
| June 13, 2025 | Parties shall file with the Court a proposed Protective Order relating to confidentiality and privileged materials (pursuant to Federal Rule of Evidence 502). |
| August 8, 2025 | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101.[2] Defendant shall also produce: (1) all prior art referenced in the invalidity contentions, and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s). |
| August 22, 2025 | Parties exchange claim terms for construction. |
| September 5, 2025 | Parties exchange proposed claim constructions. |
| September 12, 2025 | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[3] With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| September 19, 2025 | Deadline to meet and confer to narrow terms in dispute to twelve (12) disputed terms or fewer and exchange revised list of terms/constructions. |
| September 26, 2025 | Defendant files Opening claim construction brief, including any arguments that any claim terms are indefinite (up to 25 pages). |
| October 17, 2025 | Plaintiff files Responsive claim construction brief (up to 25 pages). |
| October 31, 2025 | Defendant files Reply claim construction brief (up to 10 pages). |
| November 14, 2025 | Plaintiff files Sur-Reply claim construction brief (up to 10 pages). |

---

[2] The § 101 contention shall (1) identify the alleged abstract idea, law of nature, and/or natural phenomenon in each challenged claim; (2) identify each claim element alleged to be well-understood, routine, and/or conventional; and (3) to the extent not duplicative of §§ 102/103 prior art contentions, prior art for the contention that claim elements are well-understood, routine, and/or conventional.

[3] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

| | |
|---|---|
| November 19, 2025 | Parties submit Joint Claim Construction Statement. |
| November 21, 2025 | Parties submit optional technical tutorials to the Court.[4] |
| December 5, 2025 | *Markman* hearing. |
| January 16, 2026 | Deadline to add parties. |
| January 30, 2026 | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to Infringement or Invalidity contentions. This deadline does not relieve the Parties of their obligation to seasonably amend if new information is identified after initial contentions. |
| March 27, 2026 | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or patent claims. (Note: This includes amendments in response to a 12(c) motion.). |
| May 8, 2026 | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court to arrange a teleconference with the Court to resolve the disputed issues. |
| May 15, 2026 | Close of Fact Discovery. |
| June 3, 2026 | Opening expert reports. |
| July 1, 2026 | Rebuttal expert reports. |
| July 22, 2026 | Close of expert discovery. |
| July 29, 2026 | Deadline for the second of two meet and confers to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. If it helps the parties determine these limits, the parties are encouraged to contact the Court for an estimate of the amount of trial time anticipated per side. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| August 5, 2026 | Dispositive motion deadline and *Daubert* motion deadline.[5] |

---

[4] In general, tutorials should be: (1) directed to the underlying technology (rather than argument related to infringement or validity), and (2) limited to 15 minutes per side. The tutorial will not be part of the record and the parties may not rely on or cite to the tutorial in other aspects of the litigation.

[5] The number of motions for summary judgment (MSJs) or *Daubert* motions is not limited. However, absent leave of Court, the cumulative page limit for opening briefs for all MSJs is 40 pages per side, for all *Daubert* motions is 40 pages per side, and for all MILs is 15 pages per side. Each responsive MSJ, Daubert, and MIL brief is limited to the pages utilized in the opening brief or by the local rules, whichever is greater; and the cumulative pages for responsive briefs shall be no more than cumulative pages utilized in the opening briefs. Reply brief page limits shall be

|  | The Court will set the case for final pretrial conference and trial by separate order.  The final pretrial conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties. The parties should consult Local Rule CV-16(e) - (g) regarding matters to be filed in advance of the final pretrial conference. After the pretrial conference has been set, the parties shall meet and confer prior to the final pretrial conference to agree upon and submit a schedule for the exchange of pretrial materials. |
|---|---|

---

governed by the local rules, but in no event shall the cumulative pages of reply briefs exceed 20 pages per side for all MSJs, 20 pages per side for all *Daubert* motions, and 10 pages for all MILs.

IT IS SO ORDERED.

      SIGNED on _____, 2025.

_____
DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE